UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-cv-00128-CRS

KENDRAH SANDERS                                                                           PLAINTIFF

v.

UofL HEALTH-LOUISVILLE, INC., *et al*                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Kendrah Sanders, brings this action for compensatory and punitive damages pursuant to 42 U.S.C. § 1983. Sanders alleges that her former employer, defendant UofL Health-Louisville, Inc., fired her because she publicly criticized "UofL" in a Facebook post. She contends that her firing was unlawful retaliation. Sanders has also alleged several state-law claims. This matter is before the Court on Defendants' Motions to Dismiss. Those Motions require the Court to answer this determinative question: Has Sanders sufficiently pleaded a viable § 1983 claim? The answer to that question is "No." Accordingly, the Court will dismiss the §1983 claims, decline to reach Sanders' state-law claims and remand this action to state court.

### BACKGROUND

In April 2022, Sanders filed a complaint in Jefferson Circuit Court, asserting claims of race discrimination and retaliation. Sanders was still employed with UofL Health-Louisville, Inc. (d/b/a Peace Hospital) at that time. About 8 months later, in December 2022, Sanders was fired. On February 6, 2023, Sanders filed an Amended Complaint, adding her § 1983 claim. As a result, on March 15, 2023, Defendants removed this action to this Court.

Shortly thereafter, Defendants moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See* DN 6, 7, and 8. With respect to Sanders' § 1983 claim, former employer Peace Hospital moves to

dismiss on the ground that is a private company, and, thus, is not amenable to suit under § 1983. Mem. in Supp. of Partial Mot. to Dismiss, DN 7-1 at 6-10. Defendants UofL Health, Inc.; Jessica Dawn Campbell; Amanda Florence Whitlow; Alicia Acles Long; and Martha Strickland Mather (together the "Non-University Defendants") seek dismissal of the § 1983 claims on the same ground, *Id.;* Mot. to Dismiss, DN 6 at 7-9. The University of Louisville (the "University") seeks dismissal based on sovereign immunity. Mot. to Dismiss, DN 8 at 4-6.

## STANDARD OF REVIEW

Review under Rule 12(b)(6) requires the Court to "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Further, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (cleaned up) (internal citations omitted). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 55 U.S. at 557).

Together, *Iqbal* and *Twombly* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Finally, with respect to § 1983 claims for damages, the plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional

right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Stated another way, only state actors "with direct responsibility for the challenged action may be subject to § 1983 liability." *Wilson v. Morgan*, 477 F.3d 326, 337 (6th Cir. 2007). Thus, "'conclusory allegations of officers' collective responsibility'" do not pass muster. *Gordon v. Louisville/Jefferson Cnty. Metro Gv't*, 486 Fed. Appx. 534, 539 (6th Cir. 2012) (quoting *Hessel v. O'Hearn,* 977 F.2d 299, 305 (7th Cir. 1992)).

## ANALYSIS

### A. Sanders' § 1983 Claim

On December 28, 2022, defendant Long, Peace Hospital's then Interim Human Resources Director, sent a termination of employment notice to Sanders. Amd. Complaint, DN 1-1, at ¶ 87, 88. Sanders alleges that the sole ground given for her termination was a Facebook post about "'white supremacy'" at "the institution." *Id.* at ¶¶ 89-90. Sanders alleges that her post was protected by the First Amendment. Thus, she contends, her termination was unlawful retaliation under § 1983. *Id.* at ¶¶ 140-155.

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. Anyone whose conduct is 'fairly attributable to the state can be sued as a state actor under § 1983." *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 478 (6th Cir. 2014) (quoting *Filarsky v. Delia*, 566 U.S. 377, 383 (2012)). Accordingly, private actors are not subject to § 1983 claims. Thus, if Sanders has not pleaded facts which plausibly suggest state action by the non-University Defendants, her § 1983 claims against them must be dismissed. *Amer. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (§ 1983 excludes "merely private conduct, however discriminatory or wrongful.").

1. The Non-University Defendants

The Non-University Defendants are two private corporations and four private individuals: Peace Hospital; UofL Health, Inc. ("UofL Health"); Campbell; Long; Mather; and Whitlow.[1] They each seek dismissal on the ground that they were private, and not state, actors. In response, Sanders contends that because Peace Hospital and UofL Health are closely affiliated with the University, those separate entities and their employees are effectively University employees: "Here, Plaintiff's Amended Complaint deals with an employing entity that exists solely to carry out the goals of the University of Louisville and maintains too close of a relationship with the University to be seen as completely independent . . . ." Responses, DN 20 at 13 & DN 21 at 17. Thus, according to Sanders, Peace Hospital, UofL Health, and their employees are *ipso facto* state actors. Sanders also argues that the University, Peace Hospital and UofL Health were her "joint employers," providing a second ground on which to deem the private entities and their employees state actors. *Id.* at 2.

"'[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient.'" *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 281 (6th Cir. 2023) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). "Still, we often gauge state actor status by asking three questions: does a private company's conduct concern traditionally exclusive governmental functions, reflect entwinement, a nexus, or joint action with state officials, or involve compulsion by the government?" *Id.* (citation omitted). Here, the ultimate question is whether Sanders has pleaded sufficient facts such that the answer to at least one of these questions is "yes." Sanders contends

---

[1] Peace Hospital is a Kentucky non-profit corporation. Amd. Compl, DN 1-1, at ¶ 2. UofL Health is the sole member of Peace Hospital. *Id.* at ¶ 4. Defendant Martha Mather ("Mather") was the Chief Operating Officer of Peace Hospital. *Id.* at ¶ 58. Defendants Jessica Dawn Campbell ("Campbell"), Alicia Acles Long ("Long"), and Amanda Florence Whitlow ("Whitlow") were also Peace Hospital employees. *Id.* at ¶¶ 24, 35, 50, 52, 55-57, 59, 60, 63-65; *see also* Response to Motion to Dismiss, DN 21 at 20.

that coupled with the Articles of Incorporation for UofL Health and Peace Hospital,[2] she has sufficiently pleaded under all four queries. While Sanders has given it a college-try, the Court disagrees.

Question #1: Does the service at issue here involve a traditional government function? It does not. "To qualify 'as a traditional, exclusive public function,' the government 'must have traditionally *and* exclusively performed the function.'" *Id.* at 282 (emphasis in original) (citation omitted). Peace Hospital provides healthcare within the Commonwealth of Kentucky.[3] Healthcare is not a function that has been traditionally *and* exclusively performed by the government. *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992) ("providing mental health services has not been a power which has traditionally been exclusively reserved to the state"); *White v. Universal Fid., LP*, 2018 WL 5116494, at *3 (E.D. Ky. Oct. 19, 2018), *aff'd,* 793 Fed. Appx. 389 (6th Cir. 2019) (provision of medical services occurs "frequently among private parties"). The fact that Peace Hospital's and UofL Health's Articles of Incorporation charge them with carrying out the charitable and educational purposes of the University does not change this result. The "inquiry focuses on the entity's underlying service," not on any governmental mandate. *Ciraci*, 62 F.4th at 282; *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (public function test not satisfied by governmental mandate to provide disaster relief). For this reason, Sanders' reliance on that corporate purpose[4] does not help her.

---

[2] Sanders moved the Court to take judicial notice of those Articles of Incorporation and treat their contents as facts which support a finding of state action. Motion, DN 18. The Court notes that it may properly take such notice in reviewing a motion to dismiss. *Wyser—Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (on a motion to dismiss court may consider public records).

[3] *See* Amd. Complaint at ¶ 3 (Peace Hospital and UofL Health "carry out" medical/clinical activities in the community"); Peace Hospital's Articles of Incorporation, Art. II, § 1(c) (among other things, corporation was organized to "[o]perate such healthcare facilities, services and programs as are deemed appropriate for the care of persons suffering from illness or disability."). DN 18-3 at 3.

[4] *See* Response, DN 21 at 19 ("The Charitable and Educational Purposes Clause of the Articles of Incorporation relative to the UofL entities are carried out by the subsidiaries taking actions.").

Question #2: Have the actions of the University, Peace Hospital and UofL Health "become so entwined as to amount to a form of collective state action?"[5] Under this test, "a nominally private entity may be a state actor when it is entwined in its management and control." *Brentwood Acad.*, 531 U.S. at 296. There are no allegations in Sanders' complaint which plausibly suggest that such is the case here. Again, Sanders leans heavily on the corporate purpose of carrying out the University's charitable and educational purposes: "UofL Health is bound to the purposes of a Kentucky state agency, the University," as shown by its Articles. *Id.* However, "'mere cooperation simply does not rise to the level of merger required for a finding of state action.'" *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (quoting *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)).

Further, Sanders contends that given their purposes to carry out the University's charitable and educational purposes, it "necessarily follows" that the University manages UofL Health's and Peace Hospital's operations. Response, DN 21 at 25-26. In support of this assertion, Sanders points to the fact that the initial Boards for these entities were comprised of University employees. But that fact is not dispositive given that the entities were incorporated in 2019, that Sanders was fired in 2022 and the Boards of Directors changed between 2019 and 2022.[6] Even so, dual employment between the University and the private companies is not determinative of who controlled Peace Hospital's personnel decisions *Austin v. Diaz*, 194 F.3d 1311 (6th Cir. 1999) (unpublished table decision) ("dual positions" in the University and affiliated hospital "to establish state action is unavailing"); *accord Schwartz*, *Schwartz v. Univ. of Cin. College of Medicine*, 436 F. Supp. 3d 1030, 1039 (S.D. Ohio 2020); *see also Borrell v. Bloomsburg Univ.*, 870 F.2d 154 (3rd Cir. 2017)

---

[5] *Ciraci*, 62 F.4th at 282.
[6] Reply, DN 25 at 5 (providing links to 2020 Annual Reports filed by UofL Health and Peace Hospital).

(director of joint nursing program was not state actor where affiliated university did not participate in termination decision).

Question #3: Did Peace Hospital fire Sanders because the University "'compelled it to do so,' or offered it such significant encouragements . . . that [its] choice must in law be deemed to be that of the State'"? *Ciraci*, 62 F.4th at 283 (citation omitted). Under this query, courts assess the connection between the challenged conduct and the state, rather than simply examining the relationship between the state and the private entity. *Marie*, 771 F.3d at 363; *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007) ("plaintiff must allege . . . that state officials coerced or participated in the company's decision-making to the extent required to trigger state actor status."). pertinent here, a general directive, such as carrying out the University's charitable and educational purposes clauses, does not convert private action into state action. *Id.* at 283 ("State's general directive to provide appropriate care did not compel any particular . . . decision," so transfer decision was not state action) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1008 (1982)). Thus, Sanders' continued reliance on that corporate purpose to satisfy the third query is unavailing.

Moreover, Sanders has not pleaded sufficient facts to suggest that the University participated at all in the decision to fire her from Peace Hospital. Sanders has pleaded that Long, a Peace Hospital employee, sent the termination notice, that she signed it "in her official capacity as interim Human Resources Director," and that the notice stated that "Sanders "was being terminated for a post on social media (Facebook)" which "expressed an opinion about 'white supremacy' at the institution." Amd. Complaint, DN 1, at ¶ 87-89. In fact, all of the individual Defendants in this action were Peace Hospital employees – something which Sanders acknowledges. Response to Motion to Dismiss, DN 21 at 20. There are no allegations of

7

participation by the University in Peace Hospital's termination decision, much less that the University coerced this decision.

Instead, Sanders attempts to satisfy the third test by pleading collectively. In her complaint, Sanders uses "UofL" to refer to Peace Hospital, UofL Health and the University and then pleads wrongdoing by "UofL." Such collective pleading fails to state a claim under § 1983. Only state actors "with direct responsibility for the challenged action may be subject to § 1983 liability." *Wilson*, 477 F.3d at 337. Thus, conclusory allegations of 'collective responsibility'" do not pass muster. *Gordon*, 486 Fed. Appx. at 539.

Finally, there is Sanders' argument that she was jointly employed by the University, UofL Health and Peace Hospital which means that she was a public employee. To support this contention, Sanders relies on her conclusory allegation Peace Hospital and UofL Health "are divisions or departments of Defendant University of Louisville, and they act in conjunction with each other for a common purpose." Response, DN 20, at 2 (citing Amd. Compl. at ¶ 24). This conclusory statement is not, however, supported by further factual enhancement and the Court declines to accept it as true. *Twombly*, 550 U.S. at 546; *Papasan v. Allain* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The only additional "facts" Sanders offers are, again, statements in the private companies' Articles of Incorporation. *Id.*; *see also* Response, DN 21 at 2; Response, DN 22 at 2. However, those documents do not establish that either Peace Hospital or UofL Health is a division or department of the University. Nor do they establish that these entities are "wholly-owned subsidiaries" of the University.

In sum, Sanders claims against the non-University Defendants do not state a valid § 1983 under any of the four tests for state action. This is true even when the Court takes judicial notice

of the Articles of Incorporation for UofL Health and Peace Hospital. Because Sanders has failed to sufficiently plead that the non-University Defendants acted under color of state law, the § 1983 claims against them must be dismissed.

**2. The University**

The parties agree that the University of Louisville (the "University") is an arm of the state. The result is that Sanders' § 1983 claim against the University must also be dismissed. A suit against an arm of the state is "no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). States are not "persons" subject to suit under § 1983. *Id.* at 64. In addition to not being subject to suit, claims for money damages against the State are barred by the Eleventh Amendment. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) ("University, as an arm of the State, is immune from suit under the Eleventh Amendment."); *accord McKenna v. Bowling Green State Univ.*, 568 Fed. Appx. 450, 457 (6th Cir. 2014). Thus, Sanders has failed to state a § 1983 claim against the University.[7]

**B. State Law Claims**

Having dismissed Sanders' federal claims, the Court declines to exercise its supplemental jurisdiction over Sanders' state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)).

---

[7] Sanders contends that she did not plead a § 1983 claim against the University. Response, DN 22, at 8-9. The Court disagrees. Sanders pleaded claims against the individual defendants in their "official capacities," Amd. Compl. at ¶ 17, and argues that she pleaded joint-employer liability. Also, Sanders collectively pleaded her § 1983 claim against the "Defendants" without identifying which Defendants were being implicated. *See* Amd. Compl. at ¶¶ 150-155.

## CONCLUSION

As noted above, Sanders moved the Court to take judicial notice of the Articles of Incorporation for UofL Health, Inc. and UofL Health-Louisville, Inc. (d/b/a Peace Hospital). The Court has taken judicial notice of those Articles. Accordingly, Sanders' Motion to Notice Public Documents **(DN 18)** is **GRANTED**. Sanders also moved the Court for leave to exceed the page limit for response briefs set by LR 7.1(d). The Court has considered the entirety of Sanders' Response briefs. Accordingly, her Motion for Leave to Exceed Page Limits **(DN 19)** is **GRANTED**. For the reasons stated herein, Defendants' Motions to Dismiss **(DN 6, DN, 7 and DN 8)** are **GRANTED in part**. Sanders' § 1983 claims are hereby **DISMISSED** pursuant to FED. R. CIV. P. 12(b(6), and this matter is hereby **REMANDED** to Division Eight (8) of the Jefferson Circuit Court, Louisville, Jefferson County, Kentucky to address Sanders' state law claims.

**IT IS SO ORDERED**.

March 27, 2024

Charles R. Simpson III, Senior Judge
United States District Court